STATE OF NORTH CAROLINA v. JO ANN G. BURGESS

No. 847SC1141

(Filed 3 September 1985)

Criminal Law § 102.6; Homicide § 19.1— murder—self-defense—jury argument concerning record of decedent improper

    In a prosecution in which defendant relied on self-defense and was convicted of voluntary manslaughter, the trial court erred by allowing the district attorney in his closing argument to bring to the jury's attention the fact that there was no evidence that the deceased had a criminal record. Evidence of prior convictions of a deceased person is not admissible to show that a deceased has a reputation for violence and it was therefore improper to argue to the jury regarding the lack of evidence of the deceased's criminal record. Moreover, the error was prejudicial because defendant's only defense was that she acted in self-defense and she attempted to prove this by showing that she was afraid of decedent because he was a violent and mean person. There is a reasonable possibility that the State's improper argument convinced the jury to discount defendant's self-defense contentions. G.S. 15A-1443.

APPEAL by defendant from Tillery, Judge. Judgment entered 6 June 1984 in Superior Court, WILSON County. Heard in the Court of Appeals 21 August 1985.

Defendant was charged in a proper bill of indictment with second degree murder. At trial the State offered evidence which

tended to show the following: On 27 November 1983, the defendant and the victim, her estranged husband, met at the Strawberry Lounge to discuss their son. At some point in the evening the couple quarreled and the defendant left the club. Later the defendant returned to the club and told the doorman that she had shot her husband. The deceased's body was found beside the defendant's vehicle. Cause of death was determined to be a gunshot wound.

The defendant offered evidence which tended to show that as she was leaving the nightclub the deceased followed her to the car, leaned inside and began to choke her. She struggled with him and during the struggle she retrieved a pistol from her purse and shot him. She also offered evidence that the deceased had beaten her in the past, had threatened to kill her and that he had a reputation as being a mean and violent person.

The jury convicted the defendant of voluntary manslaughter, and from a judgment sentencing her to the presumptive term of six years imprisonment, defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney J. Mark Payne, for the State.*

*Farris and Farris, by Robert A. Farris, for defendant appellant.*

ARNOLD, Judge.

The defendant contends the trial court committed prejudicial error by allowing the District Attorney in his closing argument to bring to the jury's attention the fact that there was no evidence that the deceased had a criminal record. We agree, and award defendant a new trial.

At trial the defendant offered substantial evidence tending to show that the deceased had a reputation of being mean and violent. In his closing argument the District Attorney, over timely objection of defense counsel, was allowed to argue to the jury that no evidence had been introduced to show that the deceased had ever been convicted of any crime which would show that he was a mean and violent person.

Evidence of prior conviction of a deceased person is not admissible to show that a deceased has a reputation for violence.

*State v. Corn,* 307 N.C. 79, 296 S.E. 2d 261 (1982). It was, therefore, improper to permit the District Attorney to argue to the jury regarding the lack of evidence of the deceased's criminal record.

Having determined that it was error to allow the District Attorney to make the complained of argument, we now must determine whether such error was prejudicial. G.S. 15A-1443 provides in part that "[a] defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." The appellant's only defense was that she acted in self-defense, and she attempted to prove this by showing that she was afraid of him because he was a violent and mean person. The District Attorney's method of attacking this theory of defense was to raise the question of why the deceased's record was not introduced to prove deceased's violent character. There is a reasonable possibility that this improper argument convinced the jury to discount defendant's self-defense contentions. Therefore, we hold the error to be prejudicial and award defendant a

New trial.

Chief Judge HEDRICK and Judge COZORT concur.